IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



BOBBY RAYMOND ANDERSON, §
§
Petitioner, §
§
v. § 2:18-CV-146-Z-BR
§
DIRECTOR, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
Respondent. §

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
AND
DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court are the findings, conclusions, and recommendation of the United States Magistrate Judge to deny the Petition for a Writ of Habeas Corpus filed by Petitioner in this case. (ECF No. 19). On July 1, 2021, Petitioner filed objections. (ECF No. 20). After making an independent, *de novo* review of the pleadings, files, and records in this case, the Court concludes that the findings, conclusions, and recommendation of the Magistrate Judge are correct.[1] It is therefore **ORDERED** that the findings, conclusions, and recommendation of the Magistrate Judge are **ADOPTED**, and the Petition for a Writ of Habeas Corpus is **DENIED**.

---

[1] The Court notes that Petitioner objects to the Magistrate Judge's finding that the state habeas proceedings were civil in nature. The Court agrees that Texas habeas proceedings under section 11.07 are criminal in nature, but the Magistrate Judge's conclusions concerning Petitioner's argument to reject the AEDPA deference standard are correct.

1

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). The Court **ADOPTS** and incorporates by reference the Magistrate Judge's findings, conclusions, and recommendation filed in this case in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

**SO ORDERED.**

July __8__, 2021.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE